IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MAIDA WARD,

    Plaintiff,

v.                                                No. 1:10-CV-21 WJ/WDS

CONVERGYS INCORPORATED,
AND CARLOTTA PEREA,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING DEFENDANTS' MOTION TO DISMISS CLAIMS AGAINST CARLOTTA PEREA

THIS MATTER comes before the Court upon Plaintiff's Motion to Remand (Doc. 4) and Defendants' Motion to Dismiss Claims Against Carlotta Perea (Doc. 7). Because both Motions involve the same questions of law, the Court considers the Motions together. Having considered the parties' briefs and the applicable law, the Court finds that Plaintiff has no cause of action against Defendant Carlotta Perea, the only nondiverse defendant. Accordingly, the Court DENIES Plaintiff's Motion to Remand and GRANTS Defendants' Motion to Dismiss Defendant Perea from this suit.

### BACKGROUND

On December 7, 2009, Plaintiff Maida Ward filed a complaint against Defendants Convergys Incorporated ("Convergys") and Carlotta Perea in New Mexico state court, alleging violations of the New Mexico Human Rights Act, N.M. STAT. § 28-1-7, as well as N.M. STAT. § 28-20-1. Specifically, Plaintiff alleges that Defendants

denied her the accommodations necessary for her to breastfeed her infant child at work. Defendants removed the case to the United States District Court for the District of New Mexico, alleging diversity of citizenship under 28 U.S.C. § 1332 as the basis for subject matter jurisdiction.

Plaintiff now moves to remand the case to New Mexico state court. Plaintiff argues that Defendants' removal was faulty because they have not established complete diversity of citizenship between the parties. The parties do not dispute that Plaintiff is a citizen of New Mexico, Defendant Convergys is a citizen of Ohio, and Defendant Perea is a citizen of New Mexico. Defendants argue that Plaintiff has not stated a viable cause of action against Perea and, therefore, has fraudulently joined her in order to defeat federal diversity jurisdiction. Relatedly, Defendants filed a Motion to Dismiss arguing that, because Plaintiff has no viable claims against Perea, Perea must be dismissed from this suit.

## DISCUSSION

### I.  Motion to Remand

A federal district court has removal jurisdiction in any case where it has original jurisdiction. 28 U.S.C. § 1441(a). District courts have original diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000 and is between citizens of different states. *Id*. § 1332(a). Here, there is no question that Plaintiff Ward and Defendant Perea are both citizens of New Mexico, thereby presumably destroying complete diversity between the parties and leaving this Court without jurisdiction to hear the case. Defendants argue, however, that Perea has been improperly joined as a Defendant. It is well-settled that "[t]he joinder of a resident defendant against whom

no cause of action is stated is patent sham, and though a cause of action be stated, the joinder is similarly fraudulent if in fact no cause of action exists." *Smoot v. Chicago, Rock Island & Pac. Ry. Co.*, 378 F.2d 879, 882 (10th Cir. 1967).  The defendant bears the burden of proving fraudulent joinder by clear and convincing evidence, while all factual and legal ambiguities are resolved in favor of plaintiff.  *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2nd Cir. 2004); *see also Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 912 (10th Cir. 2006).  "[U]pon specific allegations of fraudulent joinder the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964).

At first glance, Plaintiff's Complaint appears to allege both claims against Defendant Perea—a violation of the New Mexico Human Rights Act as well as a violation of Plaintiff's statutory rights contained in N.M. STAT. § 28-20-1.  Complaint, Doc. 1, Attach. 1, at 6-8.  However, Plaintiff has effectively abandoned her New Mexico Human Rights Act claim against Defendant Perea in subsequent filings.  In Defendants' Notice of Removal, they argue that Plaintiff has not filed a charge against Defendant Perea with the New Mexico Human Rights Commission and that this failure to exhaust administrative remedies completely bars any claims arising under the New Mexico Human Rights Act.  Plaintiff does not contest this argument, but dismisses it as "not relevant."[1]  *See* Doc. 4 at 1, 5.  Rather, Plaintiff asserts that her grounds for

---

[1] In fact, Plaintiff chooses to ignore this argument even in response to Defendants' Motion to Dismiss.  When faced a second time with the argument that Plaintiff has failed to exhaust her administrative remedies as required under the New
(continued...)

remand rest entirely on her claim against Defendant Perea under N.M. STAT. § 28-20-1.

Therefore, the success of Plaintiff's Motion to Remand boils down to a single issue: whether Plaintiff has stated a viable claim against Defendant Perea under N.M. Stat. § 28-20-1.  That statute provides, in its entirety: "A mother may breastfeed her child in any location, public or private, where the mother is otherwise authorized to be present."  Defendants argue that Plaintiff cannot sue under this statute because it provides no cause of action.  The New Mexico Court of Appeals has recently reiterated a very high bar for finding private causes of action.  Where "there is no *express* language in the statute creating a private right of action, we conclude that the Legislature did not intend to create such a right of action."  *Eisert v. Archdiocese of Santa Fe*, 207 P.3d 1156, 1165 (N.M. Ct. App. 2009).  The *Eisert* court's language is so clear and unambiguous that Plaintiff's attempts to distinguish the facts of this case are unavailing.  Doc. 12 at 4.  Contrary to Plaintiff's argument, the case that *Eisert* cited, *Patterson v. Globe American Casualty Co.*, 685 P.2d 396, 398 (N.M. Ct. App. 1984), still controls.  *Patterson* held that the Unfair Insurance Practices Act did not create a private right of action because the statute did not expressly do so.  *Id*.  The court cited to various express private causes of action in other statutes, which "show the Legislature knows how to create a private remedy if it intends to do so.  By negative

---

[1](...continued)
Mexico Human Rights Act, Plaintiff again dismisses Defendants' argument as "irrelevant".  Defendant Perea should remain in this suit, she argues, because Plaintiff has asserted a viable claim under N.M. STAT. § 28-20-1.  In their Reply, Defendants note that "Plaintiff does not refute that she does not have a cause of action under the Act."  Therefore, they conclude, as does this Court, that Plaintiff is barred from suing Perea for claims arising under the New Mexico Human Rights Act.

inference, the Legislature's failure to provide for a private action suggests that it did not intend to create one." *Id*. The New Mexico Legislature's subsequent amendment of the Unfair Insurance Practices Act to include an express private cause of action does not undermine *Patterson*'s key statutory construction holding; rather, it affirms the court's underlying assumption that the New Mexico Legislature will create an express private remedy when it intends such a remedy to exist. Finally, Plaintiff's reliance on *Cort v. Ash*, 422 U.S. 66 (1975), is misplaced because New Mexico courts do not apply the *Cort* test to state statutes. *Nat'l Trust for Historic Preserv. v. City of Albuquerque*, 874 P.2d 798, 801 (N.M. Ct. App. 1994) ("No reported New Mexico decision has followed *Cort*."). Because New Mexico courts require express statutory language to create a private right of action, I find that N.M. Stat. § 28-20-1 does not permit a private right of action.

Plaintiff cannot show that a private right of action exists under N.M. Stat. § 28-20-1 and she has implicitly abandoned any other claim with respect to Defendant Perea. Therefore, Plaintiff has not stated a legitimate cause of action against Defendant Perea, Defendant Perea is not a real party, and the parties to this action are completely diverse. Because Plaintiff could have originally brought this action in federal court, this Court has removal jurisdiction and remand is not appropriate.

**II.    Motion to Dismiss**

Relatedly, Defendants moves to dismiss Defendant Perea from this suit because Plaintiff has not stated any viable claim against her. For the reasons given above, the Court grants Defendants' Motion to Dismiss the claims against Defendant Perea. Plaintiff has abandoned her claims against Perea under the New Mexico Human Rights

Act, and Plaintiff cannot state a viable claim against Perea under N.M. Stat. § 28-20-1 because that provision does not contain a cause of action. Because Plaintiff has no remaining claims against Defendant Perea, Perea must be dismissed from this suit.

## CONCLUSION

Accordingly, I hereby DENY Plaintiff's Motion to Remand and GRANT Defendants' Motion to Dismiss Claims Against Carlotta Perea. Defendant Perea is hereby dismissed from this suit.

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE